This suit was brought by the curatrix of the interdict, Mrs. Sidney Brown, for the purpose of annulling the sale of a mineral interest in land. Mrs. Sidney Brown died during the course of the litigation and her heirs were substituted as parties plaintiff.
It was alleged that Mrs. Sidney Brown was the owner of a 40 acre tract of land located in Sabine Parish, Louisiana, and that by instrument dated September 24, 1932, she had executed a deed purporting to convey an undivided one-fourth of the oil, gas and other minerals in said property to Mrs. Lucille E. George, wife of Walter L. George, both of whom were made defendants.
The grounds relied upon in this action of nullity are that the mineral deed was obtained by fraud; that no consideration was paid therefor; and, further, that the grantor, the said Mrs. Sidney Brown, was mentally incompetent, incapable of transacting business, of reaching an agreement, or making a valid contract, and that the defendant, Walter L. George, knew the grantor to be notoriously insane.
After trial there was judgment in favor of the defendant rejecting plaintiffs' demands, for which judgment written reasons were assigned.
The questions of fraud and want of consideration were briefly, and we think properly, disposed of by the District Judge, who found that the plaintiffs had failed to discharge the burden of proof establishing either fraud or want of consideration. The Court found that the mineral deed had been explained to the grantor at the time of the transaction, and that the consideration paid was adequate at the time of the transaction. Examination of the record in this case convinces us that there is no error in fact in these findings of the District Judge.
The question of fraud is inextricably entwined with the claim of incapacity on the part of the grantor at the time of the execution of the instrument which is sought to be annulled and avoided. Though the instrument in question was executed in September, 1932, this suit to set the same aside was not filed until November 13, 1941. At some period between these times the grantor was interdicted, but the record does not disclose the date of such proceedings, although it is stated in brief of defendants' counsel that the interdiction took place in the year 1941. The interdict died August 4, 1942, and her heirs were placed in possession of the property involved in this litigation by judgment dated May 8, 1943.
It is well settled that the burden of establishing fraud rests upon him who makes the charge. We do not find in this case that the plaintiffs have sustained this burden. Diligent counsel for plaintiffs recognizes and admits the difficulty of establishing fraud by direct evidence, but contends that the circumstances surrounding this particular transaction were so fraught with suspicion and question as to imply the existence of fraud. We do not so find. The defendant, George, and another witness, W.L. Pattison, have testified convincingly as to the facts surrounding the transaction itself, and there is no direct testimony which would tend to cast doubt or suspicion upon this evidence. It is also true that failure of consideration has not been shown, and, on the contrary, payment of the consideration recited has been established. There is no evidence which would indicate that the consideration recited and paid was insufficient as of the time of the consummation of the transaction. Accordingly, we are left only with the question of mental incapacity.
A number of witnesses, who had been more or less intimately acquainted with Mrs. Sidney Brown, testified that, in their opinion, Mrs. Brown's mind had failed to such extent that she was unable to understand or to properly transact her affairs. This opinion was predicated upon certain marked peculiarities on the part of the old lady, particularly that she was addicted to the habit of talking to herself, and that she was obviously fanatical on matters religious. In our opinion, these eccentricities of themselves are not to be *Page 465 
regarded as evidencing insanity. Most of us are given to peculiarities of one kind or another, which might seem strange to others, but which have no effect upon our mental faculties, or so we ourselves like to believe.
There was some medical testimony, but since the same was not offered by specialists, and since the conclusion reached was simply that Mrs. Brown was suffering from senile dementia, we do not feel that this testimony carries great weight.
As opposed to the testimony of plaintiffs' witnesses, about a like number of witnesses appeared on behalf of defendants, and their testimony, apparently of equal credibility, clearly indicated that they regarded Mrs. Brown as being mentally sound and thoroughly capable of administering her affairs.
Under the facts as reflected by the record there can be no question as to the correctness of the conclusion that Mrs. Brown was not notoriously insane at the time she executed the instrument which is sought to be set aside. Nor is there anything which would indicate that persons dealing with her should have been placed on guard as to the existence of a mental defection. In disposing of this matter the Judge of the District Court made the following statement in assigning reasons for his judgment: "The Court finds, as a question of fact, that she was illiterate and `peculiar' to some extent; but even though literate or illiterate, we all have our peculiarities. However, the Court does not find that she was notoriously insane within the intendment of the law to such an extent that she was incapable of transacting business or her own affairs."
We find no error in the above finding of fact, and we are satisfied that the judgment is correct.
The judgment appealed from is affirmed at appellant's cost. *Page 578